IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY MITCHELL, ) | No. C 11-03012 EJD (PR) |
| Plaintiff, ) | ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE MOTION TO DISMISS OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK |
| v. ) | |
| RANDY GROUNDS, et al., ) | |
| Defendants. ) | |

Plaintiff, a California inmate at the Correctional Training Facility ("CTF") in Soledad, filed a pro se civil rights complaint under the Rehabilitation Act, 29 U.S.C. § 794(a), as subsumed under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, challenging prison officials' treatment of him as a disabled person. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate order. The Court will now conduct its initial review of the complaint.

**DISCUSSION**

**A.   Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.

28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2).

Section 505 of the Rehabilitation Act of 1973, as amended and codified in 29 U.S.C. § 794(a) ("the Act"), provides that "[n]o otherwise qualified individual with a disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." The Act is applicable to state prisons receiving federal financial assistance. See Armstrong v. Wilson, 124 F.3d 1019, 1022-23 (9th Cir. 1997); Bonner v. Lewis, 857 F.2d 559, 562 (9th Cir. 1988); see also Armstrong v. Davis, 275 F.3d 849, 854 (9th Cir. 2001) (California Board of Prison Terms and individuals with supervisory capacity over the Board were proper defendants in ADA/Rehabilitation Act suit).

The elements of a claim under the Act are that: (1) the plaintiff is a handicapped person under the Act; (2) he is otherwise qualified; (3) the relevant program receives federal financial assistance; and (4) the defendants impermissibly discriminated against him on the basis of the handicap See Bonner v. Lewis, 857 F.2d 559, 562-63 (9th Cir. 1988); cf. Olmstead v. Zimring, 527 U.S. 581, 589-90 (1999) (essentially same showing required to state cause of action under Title II of ADA).

**B.     Plaintiff's Claims**

Plaintiff claims that Defendants Randy Grounds, Dr. D. Bright, and Dr. M. Sepulveda violated his rights under the Act by denying his request for "first/second tier lower bunk housing" accommodations. (Compl. at 11.) Plaintiff claims that he became disabled after he was shot with a "357 gun" that shattered his left femur and required the leg be reconstructed with metal plates and screws. (Id.) Plaintiff claims that Defendants unlawfully denied his request when they determined that Plaintiff did not qualify under the ADA. (Id. at 12.) Plaintiff claims that Defendants C. Hammond and D. Foston, Appeals Examiners at the Inmate Appeals Branch of the California Department of

Corrections and Rehabilitation ("CDCR"), wrongfully denied his appeals on this matter. (Id.) Lastly, Plaintiff alleges that their actions violated his Eighth Amendment right to personal safety under the ADA. Based on the allegations in the complaint when liberally construed, Plaintiff's claims are cognizable under the Act.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint, all attachments thereto, and a copy of this order upon Defendants as follows**: Warden Randy Grounds, Dr. D. Bright,** and **Dr. M. Sepulveda** at the Correctional Training Facility in Soledad (P.O. Box 686, Soledad, CA 93960-0686); and **C. Hammond** and **D. Foston** at the Inmate Appeals Branch, (CDCR, P.O. Box 942883, Sacramento, CA 94283-0001).

2. No later than **sixty (60) days** from the date of this order, Defendants shall file a motion, or notice that such motion is unwarranted, to dismiss on the grounds Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

3. Plaintiff's opposition to the motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

   a. In the event the Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

   > The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will,

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

4. Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

DATED: October 28, 2011

EDWARD J. DAVILA
United States District Judge

Order of Service
03012Mitchell_svc.wpd

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

GREGORY MITCHELL,

        Plaintiff,

  v.

RANDY GROUNDS, et al.,

        Defendants.

Case Number: CV11-03012 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  10/31/2011 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gregory Mitchell D44205
P. O. Box 689
Soledad, CA 93690

Dated:  10/31/2011

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk