IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY MITCHELL,<br><br>            Plaintiff,<br><br>   v.<br><br>RANDY GROUNDS, et al.,<br><br>            Defendants.<br>_____ | No.  C 11-03012 EJD (PR)<br><br>ORDER GRANTING MOTION TO DISMISS; DENYING MOTION TO COMPEL; DIRECTING CLERK TO REISSUE NOTICE OF LAWSUIT TO DEFENDANT D. BRIGHT<br><br>(Docket Nos. 23 & 25) |

Plaintiff, a California inmate at the Correctional Training Facility ("CTF") in Soledad, filed a pro se civil rights complaint under the Rehabilitation Act, 29 U.S.C. § 794(a), as subsumed under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, challenging prison officials' treatment of him as a disabled person.  The Court found cognizable Plaintiff's claims against Defendants Randy Grounds, Dr. D. Bright, Dr. M. Sepulveda, C. Hammond and D. Foston, and ordered service of the complaint.  Defendants Grounds, Sepulveda, Hammond and Foston have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff fails to state a claim upon which relief can be granted.  (Docket No. 23.)  Plaintiff filed opposition to Defendants' motion, and Defendants filed a reply.

///

# DISCUSSION

## A. Standard of Review

Failure to state a claim is a grounds for dismissal before service under both sections 1915A and 1915(e)(2), as well as under Rule 12(b)(6). Dismissal for failure to state a claim is a ruling on a question of law. See Parks School of Business, Inc., v. Symington, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56 (2007) (citations omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 570; see, e.g., Ashcroft v. Iqbal, 129 S. Ct. 1937, 1952 (2009) (finding under Twombly and Rule 8 of the Federal Rules of Civil Procedure, that complainant-detainee in a Bivens action failed to plead sufficient facts "plausibly showing" that top federal officials "purposely adopted a policy of classifying post-September-11 detainees as 'of high interest' because of their race, religion, or national origin" over more likely and non-discriminatory explanations).

## B. Legal Claims and Analysis

Plaintiff claims that Defendants Grounds, Dr. Bright, and Dr. Sepulveda violated his rights under the Act by denying his request for "first/second tier lower bunk housing"

Order Granting MTD; Denying Mot. to Compel; Inst. To Clerk
03012Mitchell_grant-mtd.unsvdDef.wpd

2

accommodations. (Compl. at 11.) Plaintiff claims that he became disabled after he was shot with a "357 gun" that shattered his left femur and required the leg be reconstructed with metal plates and screws. (Id.) Plaintiff claims that Defendant Dr. Bright, after conducting a "cursory exam," unlawfully denied his request for bottom bunk/first tier housing when he determined that Plaintiff did not qualify under the ADA on February 18, 2011. (Id. at 12, Exs. G, H.) Plaintiff claims that Defendant Dr. Sepulveda, the Chief Medical Executive, wrongfully denied his appeal on March 11, 2011. (Id., Ex. I.) Plaintiff claims that Defendants Hammond and Foston, Appeals Examiners at the Inmate Appeals Branch of the California Department of Corrections and Rehabilitation ("CDCR"), wrongfully denied his appeals on this matter. (Id., Ex. J.) Lastly, Plaintiff alleges that Defendants' actions violated his Eighth Amendment right to personal safety under the ADA.

### 1. Claims against Defendants Sepulveda, Foston and Hammond

Defendants Sepulveda, Foston and Hammond move for dismissal of the claims against them because they had no involvement in allegedly denying Plaintiff disability accommodations but only processed and responded to his administrative grievance. (Docket No. 23 at 2.) Defendants argue that claims based solely on the failure to grant administrative appeals or process them properly are not cognizable because there is no constitutional right to a prison administrative appeal or grievance system for California inmates. (Id.)

There is no constitutional right to a prison administrative appeal or grievance system. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Garfield v. Davis, 566 F. Supp. 1069, 1074 (E.D. Pa. 1983); accord Wolff v. McDonnell, 418 U.S. 539, 565 (1974) (accepting Nebraska system wherein no provision made for administrative review of disciplinary decisions). Accordingly, Plaintiff's allegation that his inmate grievances were improperly handled cannot be the sole basis for liability. However, a plaintiff may establish liability on the part of defendants involved in

1  the administrative grievance process by alleging that his appeal put the defendants on
2  notice that he had a serious medical need that was not being met, and their denial,
3  therefore, constituted deliberate indifference to his medical need.  See Wood v.
4  Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)(holding that prison officials manifest a
5  deliberate indifference to a prisoner's medical needs if they intentionally deny, delay or
6  interfere with medical treatment).

7        Here, the complaint does not support an inference that these Defendants knew that
8  Plaintiff had a serious medical need and denied his appeals regardless.  In denying
9  Plaintiff's grievance at the second level review, Defendant Sepulveda noted that Plaintiff
10 demonstrated "that he has sufficient mobility and physical functioning to be able to
11 maintain unimpeded [access] to the programs, services and activities of the department
12 for which he is eligible and so chooses while navigating the steps/stairs, extended
13 distances, obstacles in the path of travel and uneven terrain of the prison environment."
14 (Compl., Ex. I.)  Defendant Sepulveda also noted that "it had been determined that there
15 is no physiologic reason the [Plaintiff] would be unable to be housed on an upper bunk
16 nor does the [Plaintiff] have any physical limitations that impact/restrict his placement
17 within CDCR."  (Id.)  Based on this information, Defendant Sepulveda had no notice that
18 Plaintiff had serious medical needs that were going unmet.  This was also the case at the
19 director's level review which was decided by Defendants Hammond and Foston.  (Id., Ex.
20 J.)  Their decision noted that Plaintiff's Comprehensive Accommodation Chrono dated
21 February 16, 2011, "shows no housing restrictions, no authorization for medical
22 equipment/supplies, and no physical limitations to job assignments" and that "[m]edical
23 necessity has not been established for any accommodation at this time."  (Id.)  The
24 decision also noted that Plaintiff's contention that he was not afforded appropriate care or
25 accommodation "is not substantiated by records and professional health care staff familiar
26 with his history."  (Id.)  There was nothing in their review of Plaintiff's grievance matter
27 to alert them of a serious medical need.

28       Defendants also argue that while Plaintiff alleges generally that Defendant

Sepulveda has a role in the provision of health care for CTF inmates, Plaintiff does not assert Defendant's specific involvement in ADA programs, policies or enforcement. (Docket No. 23 at 5.)  Defendants assert that if Plaintiff intends to bring an ADA claim against Defendant Sepulveda for failure to provide adequate health care services, the claim is not viable because the ADA prohibits discrimination because of a disability, not inadequate treatment for a disability.  (Id.)

Section 505 of the Rehabilitation Act of 1973, as amended and codified in 29 U.S.C. § 794(a) ("the Act"), provides that "[n]o otherwise qualified individual with a disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." The Act is applicable to state prisons receiving federal financial assistance. See Armstrong v. Wilson, 124 F.3d 1019, 1022-23 (9th Cir. 1997); Bonner v. Lewis, 857 F.2d 559, 562 (9th Cir. 1988); see also Armstrong v. Davis, 275 F.3d 849, 854 (9th Cir. 2001) (California Board of Prison Terms and individuals with supervisory capacity over the Board were proper defendants in ADA/Rehabilitation Act suit).

The elements of a claim under the Act are that: (1) the plaintiff is a handicapped person under the Act; (2) he is otherwise qualified; (3) the relevant program receives federal financial assistance; and (4) the defendants impermissibly discriminated against him on the basis of the handicap.  See Bonner v. Lewis, 857 F.2d 559, 562-63 (9th Cir. 1988); cf. Olmstead v. Zimring, 527 U.S. 581, 589-90 (1999) (essentially same showing required to state cause of action under Title II of ADA).

Here, Plaintiff claims that Defendants unlawfully denied his request for "first/second tier lower bunk housing" accommodations.  In other words, Plaintiff claims that Defendants are not providing proper care for his alleged disability.  Plaintiff does not allege that Defendants discriminated against him on the basis of his disability. Accordingly, Plaintiff fails to state a claim under the ADA for which relief can be granted.

///

Order Granting MTD; Denying Mot. to Compel; Inst. To Clerk
03012Mitchell_grant-mtd.unsvdDef.wpd

5

### 2. **Claims against Defendant Grounds**

Plaintiff claims generally that Defendant Grounds is the Acting Warden at CTF and as such is responsible for "assuring [that] all inmates receive proper medical care, including proper diagnosis and treatment." (Compl. at 7.) Defendants argue that Plaintiff provides no evidence that Defendant Grounds participated in or was otherwise responsible for denying Plaintiff's request for lower bunk housing accommodations, or otherwise violated his rights under the ADA. (Docket No. 23 at 5.) In the complaint, Plaintiff makes no mention of Defendant Grounds in his statement of facts nor makes any assertion that Defendant was involved in denying his accommodations throughout the pleading.

In opposition, Plaintiff argues that his complaint does not need detailed factual allegations and insists that Defendant Grounds does not contest his disability or that Plaintiff was discriminated against for his disability. (Oppo. at 10-11.) In reply, Defendants point out that Plaintiff still fails to show that there are facts linking Defendant Grounds to the alleged ADA violations.

Plaintiff is correct that Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson, 551 U.S. at 93. However, a motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 570. Plaintiff's complaint presents no facts linking Defendant Grounds to the denial of his accommodation request. A supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). There is no basis for supervisor liability here as there are no allegations in the complaint to indicate that Defendant Grounds either personally participated in or directed the denial of accommodations, or that he knew of the wrongful denial and failed to act to prevent it. See id. Accordingly, the motion to dismiss the claims against Defendant Grounds should be granted.

Order Granting MTD; Denying Mot. to Compel; Inst. To Clerk
03012Mitchell_grant-mtd.unsvdDef.wpd

6

## C.     <u>Unserved Defendant Dr. D. Bright</u>

The only surviving claims are against Defendant Dr. Bright. However, Defendant Bright has yet to be served with the complaint as his summons was returned unexecuted on November 18, 2011, with the notation that Defendant is on "active military duty" and he will "not be able to be served until April 2012." (Docket No. 16.) The Court will reissue summons to Dr. Bright as it appears that he may have returned from active military duty by this time.

## CONCLUSION

For the reasons stated above,

1. Defendants' motion to dismiss is GRANTED. (Docket No. 23.) Plaintiff's claims against Defendants Randy Grounds, Dr. M. Sepulveda, C. Hammond and D. Foston are DISMISSED with prejudice. The Clerk shall terminate these Defendants from this action.

2. Plaintiff's motion to compel discovery, (Docket No. 25), is DENIED as moot.

3. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, all attachments thereto, a copy of the Court's Order of Service (Docket No. 9), and a copy of this order upon **Defendant Dr. D. Bright** at the **Correctional Training Facility in Soledad** (P.O. Box 686, Soledad, CA 93960-0686).

4. Defendant Bright shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable, and briefing shall proceed thereafter, in accordance with the schedule and instructions set forth in the Court's Order of Service, filed October 31, 2011, (Docket No. 9).

This order terminates Docket Nos. 23 and 25.

DATED:   9/17/2012                                               EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

GREGORY MITCHELL,

        Plaintiff,

  v.

RANDY GROUNDS, et al.,

        Defendants.

Case Number: CV11-03012 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 9/17/2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gregory Mitchell D44205
P. O. Box 689
Soledad, CA 93690

Dated: 9/17/2012

        Richard W. Wieking, Clerk
        /s/By: Elizabeth Garcia, Deputy Clerk