UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY MITCHELL,

    Plaintiff,

v.

D. BRIGHT,

    Defendant.

Case No. 11-cv-03012-WHO (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff Gregory Mitchell filed this federal civil rights complaint under the Rehabilitation Act, 29 U.S.C. § 794(a), as subsumed under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, challenging prison officials' treatment of him as a disabled person. The remaining defendant, Dr. Bright, moves to dismiss the action on grounds that Mitchell has failed to state a claim upon which relief can be granted. For the reasons stated herein, defendants' motion to dismiss is GRANTED, and the action is DISMISSED.

## BACKGROUND

The following facts are undisputed. On January 26, 2011, Mitchell requested an accommodation "chrono" for lower bunk housing due to a leg injury he had suffered in the past. (Compl. at 11). On February 18, 2011, defendant Bright denied this request because

Mitchell did not meet the prison's requirements for authorizing such accommodation. (*Id.* at 12.)

This Court granted defendants' prior motion to dismiss on identical grounds identical claims against now-terminated defendants. (Docket No. 32 at 5.) Bright was not included in that order only because he had not been served with the complaint. (*Id.* at 7.) He has since been served and has now filed this motion.

# DISCUSSION

## I.   Standard of Review

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553–56 (2007) (citations omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009).

## II.   Motion to Dismiss

Mitchell claims that Bright, after conducting a "cursory exam," unlawfully denied his request for bottom bunk/first tier housing when he determined that he did not qualify under the ADA on February 18, 2011. (Compl. at 12, Exs. G, H.) Defendant claims that Mitchell has not stated a claim upon which relied can be granted because the ADA prohibits discrimination because of a disability, not inadequate treatment of a disability. (Def's. Mot. to Dismiss at 4.)

Section 505 of the Rehabilitation Act of 1973, as amended and codified in 29 U.S.C. § 794(a) ("the Act"), provides that "[n]o otherwise qualified individual with a disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." The Act is applicable to state prisons receiving federal financial assistance. *See Armstrong*

*v. Wilson*, 124 F.3d 1019, 1022–23 (9th Cir. 1997).

The elements of a claim under the Act are that: (1) the plaintiff is a handicapped person under the Act; (2) he is otherwise qualified; (3) the relevant program receives federal financial assistance; and (4) the defendants impermissibly discriminated against him on the basis of the handicap. *See Bonner v. Lewis*, 857 F.2d 559, 562-63 (9th Cir. 1988). The ADA prohibits discrimination because of disability, but not inadequate treatment for disability. *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2005).

Here, Mitchell claims that defendant unlawfully denied his request for "first/second tier lower bunk housing" accommodations. In other words, he claims that defendant is not providing proper care for his alleged disability. Even assuming his leg issues are a disability, no action Mitchell attributes to defendant indicates discrimination based on a disability. His reply to defendant's motion to dismiss reiterates his claim that defendant "failed to provide lower bunk accommodations under ADA for Plaintiff, and because of this subjected Plaintiff to discrimination." (Reply at 6). This statement is conclusory, and is not supported by any facts, or by any alleged instances which could be construed as discrimination by defendant. Mitchell, then, fails to state a claim for which relief can be granted. Accordingly, defendant's motion to dismiss is GRANTED.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss (Docket No. 40) is GRANTED, and Mitchell's claims against Bright are DISMISSED. Mitchell's motion for reconsideration (Docket No. 44) is DENIED as conclusory and lacking sufficient support. The Clerk shall terminate Docket Nos. 40 and 44, enter judgment in favor of all defendants as to all claims, and close the file.

**IT IS SO ORDERED.**

**Dated:** February 6, 2014



_____
WILLIAM H. ORRICK
United States District Judge

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

GREGORY MITCHELL,

        Plaintiff,

  v.

RANDY GROUNDS et al,

        Defendant.

Case Number: CV11-03012 WHO

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 6, 2014, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail.

Gregory Mitchell #:D-44205
Deuel Vocational Institution
P. O. Box 600, C-212-L
Tracy, CA 95378-0600

Dated: February 6, 2014

Richard W. Wieking, Clerk
By: Jean Davis, Deputy Clerk